UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH CATTANI,<br><br>Defendant. | No. 23-mj-243-ZMF |

# MEMORANDUM OPINION

Mr. Cattani is currently on release pre-trial. *See* Def.'s Mot. Int'l Travel ("Def.'s Mot.") ¶ 3, ECF No. 26. He has requested to travel to Mexico from October 5, 2024 to October 12, 2024 to attend a personal workshop. *See id.* ¶ 5. For the reasons stated below, this Court GRANTS Mr. Cattani's request for permission to travel internationally.

## I.  BACKGROUND

### A.  Criminal Charges

On September 6, 2023, the government charged Mr. Cattani with five misdemeanor charges in connection with the events of January 6, 2021. *See* Compl. 1, ECF No. 1.

### B.  Pretrial Conditions

On September 19, 2023, the Court imposed several conditions of release, including a requirement that Mr. Cattani obtain Court approval for any travel outside of the continental United States. *See* Order Setting Conditions of Release ("Order Conditions") 2, ECF No. 7. On August 28, 2024, Mr. Cattani requested permission to travel to Mexico to attend a workshop. *See* Def.'s Mot. ¶ 5.

1

## II. STANDARD

Under the Bail Reform Act, "[t]he judicial officer may at any time amend the order to impose . . . different conditions of release." 18 U.S.C. § 3142(c)(3). Furthermore, "a defendant must be . . . subject to the least restrictive . . . condition, or combination of conditions, that . . . will reasonably assure the appearance of the person as required and the safety of any other person and the community." *See, e.g.*, *United States v. Irizarry*, No. 22-3028, 2022 WL 2284298, at *1 (D.C. Cir. June 24, 2022) (quoting 18 U.S.C. § 3142(c)(1)(B)). Consequently, the two necessary inquiries are whether (1) the defendant poses a flight risk or (2) poses a danger to the community. *See United States v. Klein*, 533 F. Supp. 3d 1, 8 (D.D.C. 2021).

When considering these two inquiries, courts must review:

> (1) the nature and circumstances of the offense charged . . . ; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including . . . the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and . . . (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

*See* 18 U.S.C. § 3142(g).

## III. ANALYSIS

### A. Dangerousness

The government does not argue that Mr. Cattani poses a danger to the community. *See* Gov't's Opp'n Def.'s Mot. Modify Conditions Release ("Gov't's Opp'n") 1, ECF No. 27. Thus, the Court will not consider this factor. *See Irizarry*, 2022 WL 2284298, at *2 ("clearly erroneous" for a court to detain a defendant pretrial on dangerousness absent government arguments about danger).

    B.    <u>Flight Risk</u>

A determination that a defendant is a flight risk "must be supported by a preponderance of the evidence." *United States v. Vasquez-Benitez*, 919 F.3d 546, 551 (D.C. Cir. 2019). When considering a request to modify conditions of release, "the nature and circumstances of the offense charged and the weight of the evidence . . . have little bearing on his flight risk." *United States. v. Purse*, No. 21-0512, 2022 WL 17264634, at *2 (D.D.C. Nov. 29, 2022) (internal quotation marks omitted). Thus, courts focus on the third § 3142(g) factor, the defendant's "history and characteristics." *See id*. Courts also consider the likelihood of flight in the context of travel destination and whether the government opposes the motion to permit international travel. *See United States v. Viau*, No. CR 19-09, 2019 WL 3412920, at *3 (D.D.C. July 29, 2019); *Irizarry* 2022 WL 2284298, at *2.

    1.    *History and Characteristics*

Relevant considerations under "history and characteristics" are the defendant's "character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings." § 3142(g)(3)(a).

First, Mr. Cattani has shown good character of late. In the three years since January 6, 2021, he has not engaged in any other criminal activity. *See* Pretrial Services Report ("PSA Report"), ECF No. 6. The Pretrial Services Agency has noted no violations in the time it has supervised Mr. Cattani, demonstrating his compliance and cooperation. *See* Def.'s Mot. ¶ 4.

    2.    *Location of Travel*

Mr. Cattani's intended travel to a workshop in Mexico does not raise a red flag. As noted in *Irizarry*, it would be unreasonable for the Court to assume that all international travel

3

destinations pose a threat of the defendant "wandering into Russia." *See* 2022 WL 2284298, at *2 (permitting January 6th defendant to travel internationally to Estonia). And Mexico is not the new Russia. Indeed, Mexico does not appear to pose unique obstacles to extradition. *See generally* Extradition Treaty Between the United States of America and the United Mexican States, Art. I *et seq.*, May 4, 1978, 31 U.S.T. 5059; *see also* U.S. Embassy & Consulates in Mexico, *Extraditions* (March 22, 2021), https://perma.cc/68MN-2QTR ("Since 2005, Mexico has deported between 150 and 200 fugitives to face justice in the U.S.").

        3.    *Government Opposition to Motion*

The government objects to Mr. Cattani's travel because it is for "recreation[]" and because the prohibition against international travel is "the least restrictive" condition necessary to ensure his future appearance. *See* Gov't's Opp'n at 1. But the government misstates the conditions of pre-trial release. The order does not outright prohibit international travel, but rather, provides that "[a]ll travel outside the Continental United States must be approved by the Court." Order Conditions at 2. Furthermore, the government does not provide facts that indicate Mr. Cattani poses a flight risk or cite any authority to support that travel for recreation is disfavored. *See generally* Gov't's Opp'n.

The government also argues that Mr. Cattani's charges—which are misdemeanors—are "serious offenses." *See id.* at 1. However, the seriousness of the offenses is not a relevant consideration for flight risk. *See Purse*, 2022 WL 17264634, at *2. At bottom, it appears the government seeks to punish Mr. Cattani *pre-trial* for what happened on January 6th. This is a repeated theme from the government that must again be rejected. *See Irizarry*, 2022 WL 2284298, at *1. It is "error" to make pre-trial release rulings based "on global judgments about all defendants charged with offenses related to January 6, rather than on an individualized assessment of safety

concerns or flight risks presented by [a defendant] himself." *Id.* Moreover, a defendant "may not be punished prior to an adjudication of guilt in accordance with due process of law." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). While the alleged conduct here is deeply concerning and worthy of punishment upon a finding of guilt, the presumption of innocence is not suspended when determining conditions of pretrial release. *See* 18 U.S.C. § 3142(j). Thus, the Court will not use pretrial release conditions to punish Mr. Cattani.

## IV.     CONCLUSION

Temporarily modifying Mr. Cattani's conditions of release to permit his travel to Mexico is consistent with the requirement to enact only the "the least restrictive . . . condition, or combination of conditions, that . . . will reasonably assure the appearance" of a defendant. *Id.* § 3142(c)(1)(B); *see Irizarry*, 2022 WL 2284298, at *1 (permitting January 6th defendant to travel to Estonia).

Accordingly, it is hereby ORDERED that Mr. Cattani's conditions of release are modified to allow Mr. Cattani to travel to Mexico from October 5, 2024 to October 12, 2024 so long as he first provides the Pretrial Services Agency with his full itinerary. He may also apply for and obtain a passport, which he must return to the Pretrial Services Agency no later than 72 hours after his return to the United States.

Date: September 12, 2024

_____
ZIA M. FARUQUI
UNITED STATES MAGISTRATE JUDGE